## BARRON *v.* MORRISON.

In *scire facias* against an indorser of a writ in this State, interest can not be recovered on the original judgment.

THIS action was tried by the court. It was *scire facias* against the defendants as indorsers of an original writ in favor of George M. Flanders, formerly of Manchester, in this county, wherein the plaintiffs were then defendants. Such proceedings were had in said suit that final judgment was rendered in favor of the plaintiffs against Flanders, at the trial term of this court at the session in Manchester, on the 22d day of February, 1860, for costs, taxed at $374.

On the first day of the present term the defendants confessed the sum of $374; and the only question reserved is whether, by law, the plaintiffs are entitled to interest on their judgment as against the defendants. Interest on said judgment after February 22, 1860, as aforesaid, is to be added, or otherwise, as the whole court shall determine.

*Cross & Topliff*, for the plaintiffs.

*Morrison, Stanley & Clark*, for the defendants.

BARTLETT, J. This action is given by statute, which provides that in certain cases the indorser of a writ shall "pay to the defendant all such costs as he may recover against the plaintiff," and that such defendant may have his remedy by writ of *scire facias*. Rev. Stat., ch. 18, 20, secs. 18, 19. The plaintiff can recover only according to the provisions of the statute. *Farnum* v. *Bell*, 3 N. H. 73. No damages are recoverable in *scire facias* for delay of execution. Com. Dig., Bail, 10; Bac. Abr., Sci. Fac., E.; *Henriques* v. *Dutch Co.*, 2 Ld. Raym. 1532; S. C., Strange 807; *Fanshaw* v. *Morrison*, 1 Salk. 208; *Knox* v. *Costello*, 3 Burr. 1791; *Constable* v. *Colden*, 2 Johns. 480; *Tindall* v. *Carson*, 1 Harrison 94; *Vredenburgh* v. *Snyder*, 6 Clarke 43; *Von Puhl* v. *Rucker*, 6 Clarke 191.

Although our statutes now provide that interest shall be payable on all executions in civil causes from the date of the judgment, and also that upon *scire facias* to revive a judgment the court may award execution for the amount due, with interest, (Rev. Stat., ch. 193, secs. 6 and 7,) they make no provision for the allowance of interest upon the original judgment in *scire facias* against an indorser of a writ. So far as this question is concerned the existing statute is but a revision of former acts; *Woodward* v. *Peabody*, 39 N. H. 194; and we understand the practice under those former acts to have been in accordance with the views here expressed.

Our opinion should therefore be certified to the trial term that the plaintiffs are not entitled, in this action, to recover interest upon their original judgment.